*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FREMONT INSURANCE COMPANY,

      Appellee,

v

LIGHTHOUSE OUTPATIENT CENTER,

      Appellant,

and

DIFS- MI DEP OF INS & FINANCIAL SERV, also known as DEPARTMENT OF INSURANCE & FINANCIAL SERVICES.

      Other Party.

FOR PUBLICATION
April 11, 2025
11:00 AM

No. 370500
Newaygo Circuit Court
LC No. 2023-020963-AA

Before: GADOLA, C.J., and WALLACE and ACKERMAN, JJ.

ACKERMAN, J. (*concurring in part and concurring in the judgment*).

In the majority opinion, the Court holds that the "reasonable and customary" standard for healthcare provider reimbursement under the pre-amendment version of our no-fault statute applies to *all* injuries incurred before the effective date of the amendments, rejecting the contrary conclusion adopted by the Department of Insurance and Financial Services in DIFS Bulletin 2024-06-INS. The Court also concludes that appellant Lighthouse Outpatient Center waived its argument that the payments it received from appellee Fremont Insurance Company fell short of the "reasonable and customary" standard. I concur in full with the Court's resolution of the waiver issue. However, I decline to join the Court's analysis of whether the pre-amendment standard continues to govern reimbursement for certain services rendered after the amendments took effect. I express no view on that question because it is not properly before us.

In its statement of questions presented, appellant expressly adopts the same position as both the circuit court and appellee: that the pre-amendment standard applies. If appellant agrees with the circuit court's ruling, then it is not aggrieved by it, and we lack jurisdiction under

-1-

MCR 7.203(A) to review that aspect of the case. Moreover, if appellant and appellee agree on the issue, there is no live controversy for this Court to resolve under the judicial power with which we are vested.[1] The parties' desire for clarity cannot substitute for the adversarial presentation that judicial review requires. Cf. *League of Women Voters v Secretary of State*, 333 Mich App 1, 10; 959 NW2d 1 (2020) ("[I]t is one thing for parties in a particular action to reach an agreement that only affects those parties in that action. It is yet another thing to allow parties to reach an agreement that would affect the entire state by means of an agreement as to the proper interpretation of a statute or the Constitution that will be applied generally.").

I do not doubt the practical importance of a definitive resolution to this issue. But in my view, that resolution should have awaited a case in which the question was truly contested.[2]

/s/ Matthew S. Ackerman

---

[1] See Const 1963, art 1, § 1; *Anway v Grand Rapids R Co*, 211 Mich 592, 616; 179 NW 350 (1920) ("Th[e] judicial power . . . is the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction.") (citation omitted).

[2] A healthcare provider or insurer who believed that DIFS Bulletin 2024-06-INS misinterpreted the statute would seemingly have had several options to challenge it, such as pursuing a declaratory judgment action. The bulletin threatened "appropriate administrative action" against "[i]nsurers that fail to comply," which presumably would have created "a case of actual controversy" under MCR 2.605(A)(1) for any party contending they were wrongfully disadvantaged by DIFS's interpretation.